1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   ANGELA L. SANNEMAN (Cal. State Bar No.: 240418)
4  Assistant United States Attorney
   OCDETF Section
5       1400 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0626
7       Facsimile: (213) 894-0142
        E-mail: angela.sanneman@usdoj.gov
8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

9

10

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,     )  CR No. 09-501-RHW
                                   )
14              Plaintiff,         )  PLEA AGREEMENT FOR DEFENDANT
                                   )  SAMUEL JONES III
15          v.                     )
                                   )
16  SAMUEL JONES III,              )
                                   )
17              Defendant.         )
                                   )
18  _____    )

19

20      1.  This constitutes the plea agreement between SAMUEL JONES

21  III ("defendant") and the United States Attorney's Office for the

22  Central District of California ("the USAO") in the above-

23  captioned case.  This agreement is limited to the USAO and cannot

24  bind any other federal, state, local, or foreign prosecuting,

25  enforcement, administrative, or regulatory authorities.

26              DEFENDANT'S OBLIGATIONS

27      2.  Defendant agrees to:

28          a) At the earliest opportunity requested by the USAO

1 and provided by the Court, appear and plead guilty to count one

2 of the indictment in <u>United States v. Samuel Jones III</u>, CR No.

3 09-501-RHW.

4         b) Not contest facts agreed to in this agreement.

5         c) Abide by all agreements regarding sentencing factors

6 contained in this agreement.

7         d) Not argue for a reduction in the applicable

8 Sentencing Guidelines level, term of imprisonment, or other

9 aspect of his sentence in this case based on a theory of

10 sentencing entrapment.

11         e) Appear for all court appearances, surrender as

12 ordered for service of sentence, obey all conditions of any bond,

13 and obey any other ongoing court order in this matter.

14         f) Not commit any crime; however, offenses that would

15 be excluded for sentencing purposes under United States

16 Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines")

17 § 4A1.2(c) are not within the scope of this agreement.

18         g) Be truthful at all times with Pretrial Services, the

19 United States Probation Office, and the Court.

20         h) Pay the applicable special assessment at or before

21 the time of sentencing unless defendant lacks the ability to pay

22 and submits a completed financial statement (form OBD-500) to the

23 USAO prior to sentencing.

24         i) Not file a notice of appeal in this case, unless the

25 term of imprisonment imposed exceeds 15 years.

26         j) Not bring a post-conviction collateral attack on the

27 conviction or sentence in this case except a post-conviction

28

1  collateral attack based on a claim of ineffective assistance of
2  counsel.

3          k) Not move to withdraw defendant's guilty plea in this
4  case.

5          3.    Defendant further agrees:

6          a) To forfeit all right, title, and interest in and to
7  all monies, property or assets of any kind, used to facilitate
8  the commission of defendant's illegal activities, specifically
9  including (1) $2,000 in United States currency provided by
10  defendant Cataloni to the UC on April 24, 2008 and (2) $75,000
11  seized by law enforcement officials on July 28, 2008, all of
12  which defendant admits were used to facilitate defendant's
13  criminal activity in violation of 21 U.S.C. §§ 846, 841(b)(1)(C)
14  and 21 U.S.C. §§ 846, 841(b)(1)(B)(vii), rendering them subject
15  to forfeiture pursuant to 21 U.S.C. §§ 852 and/or 881.

16          b) To the Court's entry of an order of forfeiture at or
17  before sentencing with respect to these assets and to the
18  forfeiture of the assets.

19          c) To take whatever steps are necessary to pass to the
20  United States clear title to the assets described above,
21  including, without limitation, the execution of a consent decree
22  of forfeiture and the completing of any other legal documents
23  required for the transfer of title to the United States.

24          d) Not to contest any administrative forfeiture
25  proceedings or civil judicial proceedings commenced against these
26  properties pursuant to 21 U.S.C. § 881. With respect to any
27  criminal forfeiture ordered as a result of this plea agreement,
28  defendant waives the requirements of Federal Rules of Criminal

1  Procedure 32.2 and 43(a) regarding notice of the forfeiture in
2  the charging instrument, announcement of the forfeiture at
3  sentencing, and incorporation of the forfeiture in the judgment.
4  Defendant acknowledges that forfeiture of the assets is part of
5  the sentence that may be imposed in this case and waives any
6  failure by the court to advise defendant of this, pursuant to
7  Rule 11(b)(1)(J), at the time defendant's guilty plea is
8  accepted.

9          e) Not to assist any other individual in any effort
10  falsely to contest the forfeiture of the assets described above.

11          f) Not to claim that reasonable cause to seize the
12  assets was lacking.

13          g) To prevent the disbursement of any and all assets
14  described above if such disbursements are within defendant's
15  direct or indirect control.

16          h) To fill out and deliver to the USAO a completed
17  financial statement listing defendant's assets on a form provided
18  by the United States Attorney's Office.

19          i) That forfeiture of assets described above shall not
20  be counted toward satisfaction of any special assessment, fine,
21  restitution, or any other penalty the Court may impose.

22                        THE USAO'S OBLIGATIONS

23      4.   The USAO agrees to:

24          a) Not contest facts agreed to in this agreement.

25          b) Abide by all agreements regarding sentencing factors
26  contained in this agreement.

27          c) At the time of sentencing, provided that defendant
28  demonstrates an acceptance of responsibility for the offense up

4

1   to and including the time of sentencing, recommend a two-level

2   reduction in the applicable Sentencing Guidelines offense level,

3   pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary,

4   move for an additional one-level reduction if available under

5   that section.

6           d)   Except for criminal tax violations (including

7   conspiracy to commit such violations chargeable under 18 U.S.C. §

8   371), not to further prosecute defendant for violations relating

9   to the indictment in United States v. Thomas Michael Cataloni,

10   09-954-RHW, which concerns a conspiracy to possess with intent to

11   distribute, and to distribute, marijuana, and which is described

12   in the discovery produced to defendant in this matter. Defendant

13   understands that the USAO is free to prosecute defendant for any

14   other unlawful past conduct or any unlawful conduct that occurs

15   after the date of this agreement. Defendant agrees that at the

16   time of sentencing the Court may consider the uncharged conduct

17   in determining the applicable Sentencing Guidelines range, where

18   the sentence should fall within that range, the propriety and

19   extent of any departure from that range, and the determination of

20   the sentence to be imposed after consideration of the sentencing

21   guidelines and all other relevant factors.

22           e) At the time of sentencing, to recommend a departure

23   pursuant to United States v. Booker, 543 U.S. 220 (2005), that is

24   the equivalent of four Sentencing Guidelines levels from the

25   total offense level ultimately determined by the Court.

26           f) To recommend that defendant be sentenced to a term

27   of imprisonment at the low end of the applicable Sentencing

28   Guidelines imprisonment range provided that the total offense

1  level as calculated by the Court is 20 or higher.  For purposes

2  of this agreement, the low end of the Sentencing Guidelines

3  imprisonment range is that defined by the Sentencing Table in

4  U.S.S.G. Chapter 5, Part A , without regard to reductions in the

5  term of imprisonment that may be permissible through the

6  substitution of community confinement or home detention as a

7  result of the total offense level falling within Zone B or Zone C

8  of the Sentencing Table.

9                          NATURE OF THE OFFENSE

10     5.  Defendant understands that for defendant to be guilty of

11 the crime charged in count one (violation of Title 21, United

12 States Code, Section 846), the following must be true: There was

13 an agreement between two or more persons to knowingly

14 and intentionally possess with intent to distribute, and to

15 distribute, a mixture or substance containing a detectable amount

16 of oxycodone, a Schedule II controlled substance, as charged in

17 the information; and (2) The defendant became a member of the

18 conspiracy knowing of at least one of its objects and intending

19 to help accomplish it.  Defendant admits that defendant is, in

20 fact, guilty of this offense as described in count one of the

21 indictment.

22                             PENALTIES

23     6.  Defendant understands that the statutory maximum

24 sentence that the Court can impose for a violation of Title 21,

25 United States Code, Sections 846, 841 (b)(1)(C) is: 20 years

26 imprisonment; a lifetime period of supervised release; a fine of

27 $1,000,000; and a mandatory special assessment of $100.

28     7.  Defendant understands that supervised release is a

                                   6

period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.  Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory.  The court cannot, and defendant's attorney also may not be able to, advise

7

1   defendant fully regarding the immigration consequences of the
2   felony conviction in this case.  Defendant understands that by
3   entering a guilty plea defendant waives any claim that unexpected
4   immigration consequences may render defendant's guilty plea
5   invalid.

6                              FACTUAL BASIS
7        10.  Defendant and the USAO agree to the statement of facts
8   provided below.  Defendant and the USAO agree that this statement
9   of facts is sufficient to support a plea of guilty to the charge
10  described in this agreement and to establish the Sentencing
11  Guidelines factors set forth below but is not meant to be a
12  complete recitation of all facts relevant to the underlying
13  criminal conduct or all facts known to either party that relate
14  to that conduct.

15           Beginning on a date unknown, and continuing to on
16       or about July 28, 2008, defendant, Thomas Michael
17       Cataloni ("Cataloni") and Mark Gordon Collins
18       ("Collins") conspired and agreed to knowingly and
19       intentionally (a) possess with intent to distribute
20       and (b) distribute approximately 800 grams of
21       oxycodone.  In furtherance of their conspiracy,
22       defendant, Cataloni and Collins committed the following
23       acts:

24           On or about July 23, 2008, Cataloni, on
25       behalf of himself and defendant, agreed to purchase
26       approximately 10,000 oxycodone tablets from a Special
27       Agent for the Drug Enforcement Administration working
28

                                    8

1    in an undercover capacity (the "UC") at a price of $14

2    per tablet with $75,000 of the purchase price up front.

3              On or about July 24, 2008, defendant gave

4    Cataloni approximately $9,000 as part of a $75,000 down

5    payment for the oxycodone that he and Cataloni were

6    going to buy from the UC.

7              On or about July 28, 2008, defendant,

8    Cataloni and Collins met at Collins's house in Culver

9    City, California.  Defendant's contribution to the

10   $75,000 oxycodone down payment was $37,500,

11   approximately $9,000 of which he had already given

12   to Cataloni and the remainder of which he brought to

13   this meeting and gave to Cataloni.

14             On or about July 28, 2008, Cataloni and

15   Collins brought approximately $75,000, including

16   defendant's contribution, to Glendale, California, for

17   the purpose of purchasing oxycodone tablets from the

18   UC.

19                       SENTENCING FACTORS

20   11.  Defendant understands that in determining defendant's

21   sentence the Court is required to consider the factors set forth

22   in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence

23   and sentencing range established under the Sentencing Guidelines.

24   Defendant understands that the Sentencing Guidelines are advisory

25   only, that defendant cannot have any expectation of receiving a

26   sentence within the Sentencing Guidelines range, and that after

27   considering the Sentencing Guidelines and the other § 3553(a)

28   factors, the Court will be free to exercise its discretion to

                                   9

1   impose any sentence it finds appropriate up to the maximum set by

2   statute for the crime of conviction.

3       12.  Defendant and the USAO agree to the following

4   applicable Sentencing Guidelines factors:

5       Base Offense Level  :    34    [U.S.S.G. § 2D1.1(c)(3)]

6       Mitigating Role          -3    [U.S.S.G. § 2D1.1(3)]
        (minor participant):     -2    [U.S.S.G. § 3B1.2(b)]
7

8   Defendant and the USAO reserve the right to argue that additional

9   specific offense characteristics, adjustments, and departures

10  under the Sentencing Guidelines are appropriate.  Defendant

11  understands that defendant's offense level could be increased if

12  defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.

13  If defendant's offense level is so altered, defendant and the

14  USAO will not be bound by the agreement to Sentencing Guideline

15  factors set forth above.

16      13.  Defendant and the USAO agree that:

17          a)  Defendant did not use violence or credible threats

18  of violence or possess a firearm or other dangerous weapon (or

19  induce another participant to do so) in connection with the

20  offense charged in count one;

21          b)  The offense charged in count one did not result in

22  death or serious bodily injury to any person; and

23          c)  Defendant was not an organizer, leader, manager,

24  or supervisor of others in the offense charged in count one and

25  was not engaged in a continuing criminal enterprise.

26      14.  Defendant understands that there is no agreement as to

27  defendant's criminal history or criminal history category.

28

15.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

16.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of an attorney at trial, including the right to have the Court appoint an attorney to represent defendant at trial.  Defendant understands, however, that, despite defendant's guilty plea, defendant retains the right to be represented by an attorney -- and, if necessary, to have the Court appoint an attorney if defendant cannot afford one -- at every other stage of the proceeding.

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right to testify on defendant's own behalf and present evidence in opposition to the charges, including calling witnesses and subpoenaing those witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

11

1    h) Any and all rights to pursue any affirmative

2   defenses, Fourth Amendment or Fifth Amendment claims, and other

3   pretrial motions that have been filed or could be filed.

4                    WAIVER OF DNA TESTING

5       17.   Defendant has been advised that the government has in

6   its possession the items of physical evidence that could be

7   subjected to DNA testing, including approximately 586 pounds of

8   marijuana and its wrapping; approximately $109,600 and its

9   wrapping; approximately 10,000 oxycodone placebo tablets and

10   their wrapping; approximately $75,000 and its wrapping; items

11   seized from Cataloni's vehicle during a search executed on August

12   1, 2008, pursuant to a federal search warrant; Cataloni's

13   vehicle; items seized from Cataloni's home during a search

14   executed on July 29, 2008, pursuant to a federal search warrant,

15   including one pound of marijuana; and items seized from

16   defendant's home during a search executed on July 29, 2008,

17   pursuant to a federal search warrant.  Defendant understands that

18   the government does not intend to conduct DNA testing of these or

19   any other items.  Defendant understands: (a) before entering a

20   guilty plea pursuant to this agreement, defendant could request

21   DNA testing of evidence in this case; and (b) with respect to the

22   offense to which defendant is pleading guilty pursuant to this

23   agreement, defendant would have the right to request DNA testing

24   of evidence after conviction under the conditions specified in 18

25   U.S.C. § 3600.  Knowing and understanding defendant's right to

26   request DNA testing, defendant voluntarily gives up that right

27   with respect to both the specific items listed above and any

28   other items of evidence there may be in this case that might be

12

subject to DNA testing.  Defendant understands that by giving up this right: (a) defendant is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type; and (b) defendant will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, and will never have an opportunity to employ the results of DNA testing to support a claim that defendant is innocent of the offense to which defendant is pleading guilty.

<u>WAIVER OF APPEAL OF CONVICTION</u>

18. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

19. Defendant gives up the right to appeal any sentence imposed by the Court, including any order of restitution, and the manner in which the sentence is determined, provided that the term of imprisonment imposed is not greater than 15 years. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack.

20.  The USAO gives up its right to appeal the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

21.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and

1  succeeds in withdrawing defendant's guilty plea on any basis
2  other than a claim and finding that entry into this plea
3  agreement was involuntary, then (a) the USAO will be relieved of
4  all of its obligations under this agreement; and (b) should the
5  USAO choose to pursue any charge that was either dismissed or not
6  filed as a result of this agreement, then (i) any applicable
7  statute of limitations will be tolled between the date of
8  defendant's signing of this agreement and the filing commencing
9  any such action; and (ii) defendant waives and gives up all
10 defenses based on the statute of limitations, any claim of pre-
11 indictment delay, or any speedy trial claim with respect to any
12 such action, except to the extent that such defenses existed as
13 of the date of defendant's signing this agreement.

14              RESULT OF VACATUR, REVERSAL OR SET-ASIDE

15       #.  Defendant agrees that if the count of conviction is
16 vacated, reversed, or set aside, both the USAO and defendant will
17 be released from all their obligations under this agreement.

18              EFFECTIVE DATE OF AGREEMENT

19       22.  This agreement is effective upon signature and
20 execution of all required certifications by defendant,
21 defendant's counsel, and an Assistant United States Attorney.

22              BREACH OF AGREEMENT

23       23.  Defendant agrees that if defendant, at any time after
24 the signature of this agreement and execution of all required
25 certifications by defendant, defendant's counsel, and an
26 Assistant United States Attorney, knowingly violates or fails to
27 perform any of defendant's obligations under this agreement ("a
28 breach"), the USAO may declare this agreement breached.  All of

1   defendant's obligations are material, a single breach of this
2   agreement is sufficient for the USAO to declare a breach, and
3   defendant shall not be deemed to have cured a breach without the
4   express agreement of the USAO in writing.  If the USAO declares
5   this agreement breached, and the Court finds such a breach to
6   have occurred, then: (a) if defendant has previously entered a
7   guilty plea pursuant to this agreement, defendant will not be
8   able to withdraw the guilty plea, and (b) the USAO will be
9   relieved of all its obligations under this agreement.
10      24.  Following the Court's finding of a knowing breach of
11  this agreement by defendant, should the USAO choose to pursue any
12  charge that was either dismissed or not filed as a result of this
13  agreement, then:
14          a) Defendant agrees that any applicable statute of
15  limitations is tolled between the date of defendant's signing of
16  this agreement and the filing commencing any such action.
17          b) Defendant waives and gives up all defenses based on
18  the statute of limitations, any claim of pre-indictment delay, or
19  any speedy trial claim with respect to any such action, except to
20  the extent that such defenses existed as of the date of
21  defendant's signing this agreement.
22          c) Defendant agrees that: (i) any statements made by
23  defendant, under oath, at the guilty plea hearing (if such a
24  hearing occurred prior to the breach); (ii) the agreed to factual
25  basis statement in this agreement; and (iii) any evidence derived
26  from such statements, shall be admissible against defendant in
27  any such action against defendant, and defendant waives and gives
28  up any claim under the United States Constitution, any statute,

15

1   Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the

2   Federal Rules of Criminal Procedure, or any other federal rule,

3   that the statements or any evidence derived from the statements

4   should be suppressed or are inadmissible.

5                 COURT AND PROBATION OFFICE NOT PARTIES

6       25.  Defendant understands that the Court and the United

7   States Probation Office are not parties to this agreement and

8   need not accept any of the USAO's sentencing recommendations or

9   the parties' agreements to facts or sentencing factors.

10      26.  Defendant understands that both defendant and the USAO

11  are free to: (a) supplement the facts by supplying relevant

12  information to the United States Probation Office and the Court,

13  (b) correct any and all factual misstatements relating to the

14  Court's Sentencing Guidelines calculations, and (c) argue on

15  appeal and collateral review that the Court's Sentencing

16  Guidelines calculations are not error, although each party agrees

17  to maintain its view that the calculations above are consistent

18  with the facts of this case.  While this paragraph permits both

19  the USAO and defendant to submit full and complete factual

20  information to the United States Probation Office and the Court,

21  even if that factual information may be viewed as inconsistent

22  with the facts agreed to in this agreement, this paragraph does

23  not affect defendant's and the USAO's obligations not to contest

24  the facts agreed to in this agreement.

25      27.  Defendant understands that even if the Court ignores

26  any sentencing recommendation, finds facts or reaches conclusions

27  different from those agreed to, and/or imposes any sentence up to

28  the maximum established by statute, defendant cannot, for that

1   reason, withdraw defendant's guilty plea, and defendant will
2   remain bound to fulfill all defendant's obligations under this
3   agreement.  Defendant understands that no one -- not the
4   prosecutor, defendant's attorney, or the Court -- can make a
5   binding prediction or promise regarding the sentence defendant
6   will receive, except that it will be within the statutory
7   maximum.

8                    NO ADDITIONAL AGREEMENTS

9        28.   Defendant understands that, except as set forth herein,
10  there are no promises, understandings, or agreements between the
11  USAO and defendant or defendant's attorney, and that no
12  additional promise, understanding, or agreement may be entered
13  into unless in a writing signed by all parties or on the record
14  in court.

15        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

16       29.   The parties agree that this agreement will be
17  considered part of the record of defendant's guilty plea hearing
18  //
19  //
20
21
22
23
24
25
26
27
28

                              17

1    as if the entire agreement had been read into the record of the

2    proceeding.

3    AGREED AND ACCEPTED

4    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA

5    ANDRÉ BIROTTE JR.
6    United States Attorney

7

8    _____        _____
     ANGELA L. SANNEMAN                        Date                11/3/10
9    Assistant United States Attorney

10

11   _____        _____
     SAMUEL JONES III                          Date
12   Defendant

13

14   _____        _____
     RICHARD HIRSCH                            Date
15   Attorney for Defendant
     SAMUEL JONES III
16

17

18

19

20

21

22

23

24

25

26

27

28

1   as if the entire agreement had been read into the record of the

2   proceeding.

3   AGREED AND ACCEPTED

4   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA

5
    ANDRÉ BIROTTE JR.

6   United States Attorney

7

8   _____        _____
    ANGELA L. SANNEMAN                       Date

9   Assistant United States Attorney

10

11  _____        _____
    SAMUEL JONES III                         Date    Nov 2 2010

12  Defendant

13

14  _____        _____
                                             Date    11/4/10

15  RICHARD HIRSCH
    Attorney for Defendant

16  SAMUEL JONES III

17

18

19

20

21

22

23

24

25

26

27

28

1                <u>CERTIFICATION OF DEFENDANT</u>

2      I have read this agreement in its entirety.  I have had

3 enough time to review and consider this agreement, and I have

4 carefully and thoroughly discussed every part of it with my

5 attorney.  I understand the terms of this agreement, and I

6 voluntarily agree to those terms.  I have discussed the evidence

7 with my attorney, and my attorney has advised me of my rights, of

8 possible pretrial motions that might be filed, of possible

9 defenses that might be asserted either prior to or at trial, of

10 the sentencing factors set forth in 18 U.S.C. § 3553(a), of

11 relevant Sentencing Guidelines provisions, and of the

12 consequences of entering into this agreement.  No promises,

13 inducements, or representations of any kind have been made to me

14 other than those contained in this agreement.  No one has

15 threatened or forced me in any way to enter into this agreement.

16 I am satisfied with the representation of my attorney in this

17 matter, and I am pleading guilty because I am guilty of the

18 charges and wish to take advantage of the promises set forth in

19 this agreement, and not for any other reason.

20

21 _____       11/2/10

SAMUEL JONES III            Date

22 Defendant

23

24

25

26

27

28

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am Samuel Jones III's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

RICHARD HIRSCH     Date 11/2/10
Attorney for Defendant
SAMUEL JONES III

20